The Bank *v.* Bond.

THE BANK *v.* BOND.

(*Nashville.* January 3, 1891.)

ESTOPPEL. *Of policy-holder to claim insurance money due upon a fire policy.*

Father and son owned house and lot jointly—the former two-thirds and the latter one-third. After the father's death the son insured the house, taking policy to himself and mother. The son paid all premiums. The father's estate was insolvent, and in proceedings brought by the administrator to wind it up the son presented and was allowed two-thirds of the premiums he had paid as a debt against the estate. After decree for sale of house and lot, but before sale thereof, the house was burned. The son received full amount of the policy, and refused to account to his father's estate for any part of it.

*Held:* That the son is estopped to claim two-thirds of the insurance money as against the administrator and creditors of his father's estate.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

STOKES & STOKES for Bank.

BRYAN & CARTWRIGHT for Bond.

LEA, J. D. L. Bond and J. D. Bond were joint owners of an improved lot in Nashville, D.

L. Bond owning a one-third undivided interest, and J. D. Bond two-thirds. J. D. Bond died several years ago, and his personal estate being insolvent, a bill was filed in the Chancery Court of Davidson to subject the above two-thirds interest for the payment of debts.

The defendants to this bill, being a son and widow, filed a cross-bill, seeking to set up certain debts they claimed were owing them. Among the claims presented by D. L. Bond was an account for premiums on insurance he had paid on said property for several years from the death of his father up to and including the year 1890, claiming that the estate of J. D. Bond was indebted to him for two-thirds of the amount of said premiums for insurance on said property, and he recovered a decree for same, together with other claims against the estate, in his favor; and said two-thirds interest was ordered to be sold to pay this decree and decrees in favor of Maggie J. Bond and the complainant bank.

After the decree of sale, and before its execution, the improvements upon the property were burned, and defendant, D. L. Bond, collected the insurance money. The property was insured for two thousand dollars, and the policy was taken out in the name of "D. L. Bond and Maggie J. Bond, guardian," etc.

The property was afterward sold, but did not bring a sufficient amount to pay the decrees in favor of defendants and complainant bank; and

defendant, D. L. Bond, declining to allow any part of the insurance money as a credit upon his decree, or to account for same, complainants, as administrator and creditors of J. D. Bond, file this bill, alleging the above facts, and seeking to force D. L. Bond to account for the insurance money so collected by him. The defendants demurred. The demurrer was sustained, and the bill dismissed. The insurance company is not a party to this suit.

That D. L. Bond and the other heirs of J. D. Bond had an insurable interest in said property cannot be denied; and if the policy had been taken out in their favor, with the intention to insure any interest they might have in the buildings, and they had paid for the same indicating such intention, then they would be entitled to the insurance; or if the policy had been taken out in their names, and nothing further appearing, such intention would be presumed, and they would be entitled to the insurance. But in this case D. L. Bond took out the policy and paid the premiums. Mrs. Maggie J. Bond never paid any part thereof, as guardian or otherwise, either to the company or to D. L. Bond. For two-thirds of the amount of premiums D. L. Bond recovered a decree against the estate of J. D. Bond, on the ground that the estate was indebted for that amount paid out for the estate.

As before stated, Mrs. Maggie J. Bond does. not appear to have ever had any thing to do with the insurance, but she joined D. L. Bond in a

cross-bill, in which he sought and did recover two-thirds of the premiums paid by him against the estate of J. D. Bond, on the ground that the insurance was for the estate. We hold that, insisting upon and recovering a decree against the estate of J. D. Bond, he is now estopped to claim the insurance money against the creditors of the estate. If it was the intention of the said parties to insure the property for the benefit of the estate, as it must have been to entitle D. L. Bond to a recovery against the estate, then the creditors are clearly entitled to the proceeds, and he will be compelled either to pay into court two-thirds of the insurance money collected, or to credit that amount on his decree against the estate of J. D. Bond, it appearing from the statements of the bill that in the event this is done there will be a sufficiency arising from the sale of the land to pay all creditors.

The demurrer is overruled, and the cause remanded for further proceedings. Defendants will pay cost.