# Mitchell v. Mitchell.

*Petition for Sale of Lands for Distribution.*

1. *Sale of homestead for distribution; when owned jointly by husband
and wife can not be made against the wife's objections.*—When a home-
stead is owned jointly by husband and wife, the probate court can not,
upon petition by the husband, decree a sale thereof for distribution
against the wife's objections.

2. *Same.*—The fact that at the time of the filing of the petition by
the husband for the sale, for distribution, of the homestead, owned
jointly by husband and wife, the said husband and wife were living
separate and apart, does not give the probate court the right to
order a sale of the homestead, against the objection of the wife. So
long as the relation of husband and wife exists, the home of the hus-
band is deemed to be the home of the wife.

3. *Sale of lands for distribution; burden of proof.*—Land can not be
sold for distribution except upon satisfactory proof that it can not be
partitioned without the sale ; and the burden rests upon the petitioner
to make this proof.

APPEAL from the Probate Court of Conecuh.
Heard before the Hon. P. C. WALKER.

Charles J. Mitchell, the appellee, filed his petition in
the probate court asking for a sale, for distribution, of
certain lands, which were averred to be owned jointly
by himself and the appellant, C. H. Mitchell. C. H.
Mitchell filed a plea in abatement to the petition, setting
up the fact that she was the wife of the petitioner, and

[Mitchell v. Mitchell.]

that the lands were owned jointly by them, and was their homestead. The petitioner demurred to this plea, on the ground that it was no sufficieut answer to the petition, which demurrer the court sustained, and the respondent duly excepted. Issue was then formed upon the answer of the respondent, setting up the facts as to the manner in which she and the petitioner acquired the joint ownership of the property; and upon the submission of the cause, on the evidence introduced, the court granted the relief prayed for, and ordered the sale of the property. The respondent prosecutes this appeal, and assigns as error the rulings of the court in sustaining the demurrer to her plea, and the decree of the court ordering a sale of the property.

STALLWORTH & BURNETT, for appellant.

FARNHAM & CRUM, *contra.*—The parties being husband and wife and the property sought to be sold being their homestead, can not prevent the relief prayed for in the petition.—*Witherington v. Mason*, 86 Ala. 345; 3 Brick. Dig. 495, §§ 86–87.

COLEMAN, J.—Charles J. Mitchell instituted this proceeding in the probate court, to obtain a decree for the sale of lands for partition. The petition and proof show the lot of land, which is sought to be sold for distribution, is the property of himself and wife, C. H. Mitchell, conveyed to them jointly by deed during the year 1890, and constitutes their homestead. The sale is resisted by the wife.

At common law, lands thus held were not the subject of partition.—*Walthall v. Goree*, 36 Ala. 736. By statutes of this State, in so far as to vest the wife with the right to acquire and hold property in her own right and name, the husband and wife, are two distinct persons. By act of February 28th, 1887, carried into the Code of 1886, Part 2, Title 5, Article III, with but few limitations, the wife is emancipated from the disabilities of coverture. She can now hold the legal as well as equitable title to her property, and can sue alone upon all contracts made by or with her, or for the recovery of her separate property, for injuries to her property or person or reputation. She can maintain an action against her

husband. To contract, she must have the assent or concurrence of the husband expressed in writing. This is about the only limitation upon her power to act as a *feme sole*.

By section 787 of the Code, subdivision 10, jurisdiction is conferred upon the probate court to "partition lands within their counties." Section 3237 provides: "Any property real, personal or mixed, held by joint owners or tenants in common may be divided among them, on the written application of one or more of the owners to the probate court of the county in which the property is situated," &c., and by section 3253 of the Code such property may "be sold for distribution, when the same can not be equitably and fairly partitioned." We have no doubt that under our statute property held jointly or as tenants in common by the husband and wife, ordinarily, are governed by the same rules and principles of law, in the matter of partition, or sale for distribution, as apply to property held and owned by persons occupying a different relation to each other than that of husband and wife.—Freeman on Co-tenancy & Part., § 458. But do these rules and principles apply to a sale for distribution of the homestead, owned jointly or as tenants in common by the husband and wife, the wife objecting to the sale? The constitution of the State expressly prohibits the "alienation of the homestead by the owner thereof, if a married man, without the voluntary signature and assent of the wife to the same," and the only manner in which her voluntary signature and assent may be effectuated to such alienation is regulated by statute. It is true that a sale of the homestead for distribution under the decree of the court, would not be, strictly speaking, an alienation by the husband; but a decree to that effect, upon his application, enables him to defeat the constitutional provision made for the protection of the wife, and indirectly accomplish an unlawful end. If there were other joint owners or tenants in common with the husband, or with the husband and wife, the same legal objection would not lie to the right of such person to sever and separate his interest from the other tenants in common. The spirit of our constitution and the statute in regard to the homestead, enacted for the benefit of the wife, positively prohibits its alienation by the husband, except in the manner pre-

[Bell et al. v. Otts.]

scribed, and he can no more do this by resorting to the courts than by direct deed.

There is evidence tending to show that although living in the same town, they are living separate and apart. This can make no difference, so long as the relation of husband and wife exist. So long as the relation exists the home of the husband is, in law, deemed the home of the wife.

The plea of the defendant, setting up the fact that the parties were husband and wife, and the parcel of land sought to be sold for distribution constituted the homestead, presented a complete defense, and the demurrer to the plea was improperly sustained. Independent of the plea, we think the court erred in its conclusion from the evidence. The burden rested upon the petitioner to show that the lot or parcel of land could not be fairly and equitably divided without a sale. Looking at all the evidence in the case, the burden resting upon the petitioner, to prove that the lot could not be fairly partitioned, was not satisfactorily met. The law will not permit the sale of one person's property, even for distribution, merely to gratify the desire of another. It is allowed, when resisted, only upon satisfactory proof that it can not be partitioned without a sale.

The court erred, both in its ruling as to the law of the case, and in its conclusion from the evidence.

The decree of the lower court is reversed, and the cause remanded that judgment may be rendered in accordance with the principles of law herein declared.

Reversed and remanded.