# Pelican Insurance Co. v. Smith.

*Action upon fire insurance policy.*

1. *Representations as to ownership in application for fire insurance.* Where a wife was owner of a business carried on under the name of Smith & Co , and her husband represented in an application for insurance on the property of the business that he was owner, the application requiring a truthful statement of the ownership of the insured property, the wife cannot recover on a policy issued in the name Smith & Co. (*Pelican Ins. Co. v. Smith*, 92 Ala., 428, followed).

APPEAL from the circuit court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by Mrs. M. A. Smith upon a fire insurance policy to recover the value of a store house and stock of goods destroyed by fire. The policy was taken out by her husband, M. A. Smith, in the name of Smith & Co., in which firm he had no interest. M. A. Smith had formerly owned and conducted the business under the firm name of Smith & Co., but before making application for the insurance, had sold the store house and goods to his wife and her brother, and the latter afterwards sold his interest to the wife. M. A. Smith testified that defendants' agent did not inquire of him who composed the firm of Smith & Co., and that he made no statement to defendants' agent as to who composed the firm. There was no evidence to show that defendants' agent had any notice of the change of ownership of the store house and goods. The agent testified that he did not inquire of M. A. Smith when the application was made, who composed the firm of Smith & Co., that when M. A. Smith applied for the policy he said, "I want to take out a policy on my store house and goods," and the application was then filled out, and the applicant, M. A. Smith, signed it "Smith & Co."

J. W. FOSTER and J. D. GARDNER for the appellant.

H. L. MARTIN for the appellee.

BRICKELL, C. J.—This case has been before the

court at a former term, and the decision is reported. *Pelican Insurance Co. v. Smith*, 92 Ala., 428. The principle controlling the decision is, that the application for the insurance, and the policy, required from the applicant a full and truthful statement of the ownership of the property insured. If the applicant was acting as agent of his wife, the present plaintiff, having in himself no interest in the property, he was under the duty of stating the fact. Not having stated it, but having affirmed positively that he was the owner of the property—of the storehouse, the owner of the fee, the plaintiff could not recover on evidence that she was the owner, and that in taking the insurance he was acting as her agent. It is clear that the agent of the appellant taking the application, had no notice or information of the title of the plaintiff, nor any reason to suppose that the applicant was acting for her, and not for himself solely. These are the controlling facts as they appeared from the evidence on the last trial, as they were the controlling facts of the record when the former decision was pronounced. Adherence to that decision, and to the indisputable principle on which it rests, compels a reversal of the judgment of the circuit court. Without considering the several assignments of error particularly, it is enough to say there was error in the refusal to give at the instance of the defendant the general affirmative charge.

Reversed and remanded.