MIOTKE v. MILWAUKEE MECHANICS' INSURANCE CO.

1. INSURANCE—REPRESENTATIONS AS TO TITLE.
    The statement of an applicant for insurance, that he holds the
    property sought to be insured on contract, does not, in itself,
    amount to a misrepresentation of his interest, although the
    contract runs to himself and wife.

2. SAME—WAIVER OF CONDITIONS—ESTOPPEL.
    The conditions of an insurance policy may be waived by the
    company, not only by express agreement, but by conduct
    which amounts to an estoppel.

3. SAME.
    Where an insurance company employs, as a solicitor of insur-
    ance, a foreigner who is not possessed of a sufficient knowl-
    edge of the English language to enable him to fill the blanks
    in his daily report, and the solicitor, having secured the ap-
    plication of a foreigner of a different nationality, with whose
    language he is likewise unfamiliar, leaves blank the space
    designed to show the holding of the applicant, being advised
    by his superior that, if the blanks are not filled, he will "fix it
    over," and the company accepts the consideration and issues
    the policy, it will be estopped to assert, after a loss, that it took
    it for granted that the blank indicated title in the applicant by
    deed, and will be held to have contracted to insure the inter-
    est which the applicant actually had, notwithstanding a pro-
    vision in the policy that it should be void if the interest of
    the insured were other than unconditional and sole ownership.

4. SAME—INSURABLE INTEREST—HUSBAND AND WIFE.
    A husband has an insurable interest in real property held
    under a contract running to himself and wife jointly, and
    the amount of his recovery does not depend upon the loss to
    his individual interest, but on the damage accruing to what-
    ever interests are covered by the policy, where the wife
    authorized or ratified his act in procuring the insurance.

Error to Wayne; Hosmer, J.   Submitted April 13, 1897.
Decided May 28, 1897.

*Assumpsit* by Frank Miotke against the Milwaukee Mechanics' Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*Wilkinson & Post*, for appellant.

*Morse Rohnert*, for appellee.

Hooker, J.   The plaintiff is a Polander, who is unable to write or speak the English language.   He was approached by the defendant's solicitor, who proposed to insure his house, and he finally consented to allow him to do so.   When he was asked to insure, he at first declined, saying that he had the place on a contract, which was not paid up, and he needed his earnings to pay upon it. Again, the solicitor says that he inquired what title he had, and plaintiff said that he had it on contract, and that he (the solicitor) so informed his superior before the policy issued.   There was no written application.   A loss occurred, and an interview was had, and the amount of loss was agreed on, and proofs of loss were prepared by the agent in conformity thereto.   At this time it became known to the agent that the contract ran to the plaintiff and his wife jointly.   The agent testified that this was the first knowledge that he had that the place was held upon contract, while the solicitor testified that he so informed him at the time the insurance was effected. It seems undisputed, however, that nothing was said or known by either in regard to the wife's relation to the contract previous to the making of proofs of loss.   This discovery was followed by a denial of liability by the defendant, and a transaction in which the plaintiff was paid $200.   The defendant claims this to have been a settlement, while the plaintiff and his witnesses say that the defendant's agent said the company was not liable, and would not pay, because he had not told that the land was held on contract, but that, as plaintiff was a poor man, he would make him a present of $200 out of his

own pocket, and did so. The jury must have believed the latter version. Upon the trial a verdict and judgment for the plaintiff were rendered for the amount of the loss and interest, less the $200, which his counsel asked the jury to deduct from the amount of the loss.

The plaintiff cannot be said to have misrepresented his interest in the premises in saying that he held it on contract, and the policy does not contain anything indicating that he made any claim about it. It does not purport to insure *his* property in terms, but "the house situate," etc. The defendant relies upon the condition in the standard policy which reads as follows:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or *if the interest of the insured in the property be not truly stated herein,* or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss. This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  *if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple.*"

The day has gone by in Michigan for successfully contending that the mere acceptance of a policy containing a condition like this makes it conclusive against the holder, who accepts it in ignorance of the clause, and whose title does not conform to the strict letter of the condition. Even in the case of *Schroedel* v. *Insurance Co.*, 158 Pa. St. 459, which counsel for the defendant cite, there is a plain intimation that the condition cannot stand against fraud on the part of the company, or mistake; and there are many cases that hold that these conditions may be waived, not alone (as counsel contend) by express agreements to waive, but by conduct which amounts to an estoppel.

There is evidence in this case that the solicitor asked

the agent whether it was necessary to fill the blanks in the daily report in relation to the condition of the property, and was told that it was, to which the solicitor, who was a German, replied, "Well, I can't make that; I understand not so much English," etc., and was answered, "All right; we will fix it over." The agent testified:

"We insist on a report containing the statement of the nature of the holding. We take it for granted that the land is held by deed, or else the agent has to insert it, and make an indorsement in the front part of the policy. *There is a blank to state what the holding of the property is. We take it for granted* that it is owned by deed in that case."

The unfairness of indulging in such a practice, in case of an ignorant person who is unacquainted with the English language, who takes insurance through a solicitor selected by the defendant, who is also a foreigner, and so poorly equipped for his business as to be unable to make out the papers required of him, and who can himself communicate with the person he solicits only through an interpreter, is manifest. Fair dealing dictates that the agent should see that the information required, and which is necessary to determine whether the policy is valid or not, should appear on the face of the papers. Neither he nor the home office should accept such documents and the consideration, relying upon the right to treat the policy as void if it shall later be discovered that a quibble can be raised over some condition in the policy. And there is nothing unjust in holding that such conduct justifies the inference that the insurer was content to waive the condition, and treat the policy as a contract to insure the interest which the applicant actually had. See *Sibley* v. *Insurance Co.*, 57 Mich. 14; *Castner* v. *Insurance Co.*, 46 Mich. 18; *O'Brien* v. *Insurance Co.*, 52 Mich. 135; *Guest* v. *Insurance Co.*, 66 Mich. 98; *Hoose* v. *Insurance Co.*, 84 Mich. 321. It is contended that, at the least, the defendant was entitled to go to the jury with the question; but we think the undisputed evidence justified the instruction by the learned circuit judge that

"this was a valid policy at its inception, and that it was not invalidated by the assignment of the land contract, which was ineffective."

The question of settlement was left to the jury under a proper charge.

It is contended that the plaintiff should be restricted to the recovery of one-half the value of the building, inasmuch as the holding was a joint one, and his wife had an equal interest with himself. Some interesting questions are suggested by the claim. It is settled that the husband was, in one sense at least, the owner of more than an unqualified undivided half that would entitle him to that and no more on partition. He has the right to a joint occupancy for life, with a right of survivorship. It is true, however, that he had no greater interest than his wife, and in that sense may be said to have had a half interest. In *Manhattan Ins. Co.* v. *Webster*, 59 Pa. St. 227 (98 Am. Dec. 332), it is held that a partner has an insurable interest to the amount of the entire stock; and in *Trade Ins. Co.* v. *Barracliff*, 45 N. J. Law, 543 (46 Am. Rep. 792), it was determined that "a husband, in possession and enjoyment with his wife of her real and personal property, with an inchoate right of curtesy, has an insurable interest in both, and, where the intention was evinced to insure the whole ownership, may recover the whole loss." This case contains an interesting discussion of the subject, and asserts the doctrine that the amount to be recovered will depend, not on the loss happening to the individual interest of the assured, but on the damage accruing to whatever interests are covered by the policy, so far as the assured represents those interests, whether as his own or by the precedent authority or subsequent ratification of others. See *Waring* v. *Insurance Co.*, 45 N. Y. 606 (6 Am. Rep. 146). We think the doctrine applicable here.

We find no error in the case, and the judgment is affirmed.

The other Justices concurred.