(91 South. 886)

### MILES v. MILES. (6 Div. 404.)

(Supreme Court of Alabama. Dec. 22, 1921.)

1. Partition ⏪32—Action maintainable between husband and wife for sale of land for division.

One joint owner of land may file a bill in equity for a sale thereof for division when it cannot be fairly partitioned in kind, though the owners may be husband and wife.

2. Partition ⏪12(3)—Suit for sale for division not maintainable against wife over her objection.

A suit by a husband against his wife, for the sale of land owned by them jointly, for division, cannot be maintained over the wife's objection when the land constitutes the homestead.

3. Partition ⏪55(1)—Bill for partition held not to show land was homestead.

In a husband's suit against his wife for the sale of land for division, an allegation that the land was not used as a homestead was not eliminated or contradicted by an amendment showing that a house was erected on the land and occupied by the parties as a homestead, but was thereafter destroyed by fire and had not been reconstructed.

4. Partition ⏪59—Bill not demurrable as showing property could be divided without sale.

Though a bill for the sale of land for division alleged merely that it could not be equitably divided, and did not go further and show an inequality of value or other physical facts than that one lot was improved and others not, it was not subject to demurrers on the ground that it showed on its face that the property could be equitably divided, and that there was no physical obstacle to its division.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Bill by Tom Miles against Sallie Miles, to sell certain lots and a house for division. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

It appears from the bill that lots 8, 9, and 10 were conveyed to Tom and Sallie Miles, and that there was a house on lot 8, but the other two lots were vacant. It is alleged in paragraph 3:

"That none of said lots were used as a homestead for the complainant or respondent."

The bill was later amended by striking out paragraph 4 and certain parts of the prayer and adding the following as paragraph 4:

(4) Complainant avers that, at the time your complainant purchased lots 8, 9 and 10, and more particularly described or referred to in paragraph third of this bill, they were each vacant; that your complainant paid all the purchase money for said lots, notwithstanding the facts the deeds read or name Tom Miles and Sallie Miles as the grantees therein. Complainant avers further that, some time after he had finished paying for the said lots, complainant had a house erected on said lot 10 for a home, that costs, to wit, $750, which amount your complainant paid in full, by paying monthly payments to the party who erected it or had it done for him; that your complainant permitted his married son, Sherman, to erect a house on lot 8, to be occupied by his family as a home, on condition that Sherman was to furnish the material and also erect the building, for being permitted to stay on the property and not have to pay any rent for the lot. Complainant alleges that during the year 1915, while the complainant was away from home at work for a week or more for the full value of the property, on the said house erected by your complainant on lot 10, and which they, the complainant and respondent were at that time occupying as a homestead together as man and wife, that upon complainant's return from his work within a short time thereafter, the respondent informed him that she had had the home insured. Shortly thereafter, and during the year 1915, and while the complainant was again away from home at work, the house erected by your complainant, or which he had erected, on lot 10, as set out above in this paragraph, was totally destroyed by fire. Complainant avers further that the respondent, Sallie Miles, collected during the year 1915, to wit, $873.93, as insurance money for the loss and destruction of the said house and lot erected and paid for fully by your complainant, Tom Miles, said house being on lot 10 as described above in this paragraph. Complainant did not know that the said insurance policy was made out to Sallie Miles alone as the owner of said property until shortly after Sallie Miles had recovered the full value of the property. Complainant demanded of the respondent, Sallie Miles, his share or part of said insurance money, complainant's part being $436.96, at which time the respondent informed complainant that it was her money alone, and refused, and still refuses, to pay over to your complainant his part of the said insurance money, which is $436.96. Complainant avers that the respondent did not rebuild a house to replace the one destroyed by fire. Complainant avers that Sallie Miles has held, and is still holding, complainant's part of the said money as trust property for your complainant, said amount being $436.96. Complainant further alleges that the respondent is now due your complainant interest on the trust money, $436.96, so held by her as stated in this paragraph from the time she collected same in the year 1915, which amount is $174.78, a total of $611.74, which is all due and unpaid.

Complainant avers that the lots 8, 9, and 10,

as described in paragraph third of this bill, cannot be equitably divided, as there is a house erected on lot, and the other two lots are vacant; therefore this bill is filed for the purpose of having the said three lots, 8, 9, and 10, together with the improvements thereon, and which is more particularly described in Exhibits A and B hereto attached, and is a part of this bill, for a division of the proceeds of the sale of same, after first paying court costs, then for an abstract for the property, and $250 as a reasonable attorney's fee for the prosecution of this said suit, to be paid to J. S. McLendon, solicitor for complainant, the division of the proceeds to be distributed to the tenants in common or joint owners, share and share alike.

Complainant avers that the court should declare a lien against the part of the proceeds desired from the sale of lots 8, 9, and 10, and more particularly described in Exhibit A and B hereto attached, belonging to Sallie Miles, to the amount of $611.73 in satisfaction of one-half of the insurance money collected by respondent in the year 1915, with interest thereon, in favor of Tom Miles, holding that the same has been held in trust by respondent for complainant, and order same paid over to your complainant, Tom Miles. There is no bill pending in any court for a partition of this land described in this bill, at this time.

Complainant further amends his complaint by striking out that paragraph of the prayer of the bill which begins with the words, "that upon a final hearing of this cause," and ends with the words, "for service rendered in this cause has been paid," and substitutes therefor the following:

That upon a final hearing of this cause, this honorable court will order a sale of the lots 8, 9, and 10, and more particularly described in Exhibits A and B, hereto attached, according to the rules of this honorable court in such cases, and law, for a distribution of the proceeds from such sale to the joint owners or tenants in common, Tom Miles and Sallie Miles, share and share alike, after paying court costs, and for an abstract of said property, and $250 as a reasonable attorney's fee for the complainant, and also declare a lien on the one-half of the proceeds derived from such sale of the said property, which is due Sallie Miles, to the amount of $611.74, in favor of Tom Miles, the complainant, which is the amount of the said trust money due him by Sallie Miles, with interest thereon, and order same applied to the satisfaction thereof.

The grounds of demurrers are as follows:
(1) There is no equity in the bill.
(2) The bill shows that complainant and respondent are husband and wife, and land belonging jointly to husband and wife cannot be sold for division.
(4) The bill shows on its face that the property can be equitably divided in kind.
(6) Said bill shows on its face that there is no physical obstacle to the division of the property in kind.

Erle Pettus and J. B. Aird, Jr., both of Birmingham, for appellant.

The bill is not sufficient as a bill for division. Section 5231, Code 1907; 75 Ala. 68. No account is taken of the widow's dower interest. Sections 3812 and 3813, Code 1907. The homestead cannot be sold for division, and the bill shows this to be a homestead. 101 Ala. 183, 13 South. 147; 103 Ala. 488, 15 South. 823, 49 Am. St. Rep. 53.

J. S. McLendon, of Birmingham, for appellee.

The bill contained equity. 189 Ala. 149, 66 South. 79; 187 Ala. 165, 65 South. 381; section 5231, Code 1907, as amended; Acts 1909, p. 124. The lands of husband and wife may be sold for division. 101 Ala. 183, 13 South. 147; 103 Ala. 488, 15 South. 823, 49 Am. St. Rep. 53. The bill sufficiently shows that the lands cannot be equitably divided. 180 Ala. 102, 60 South. 391; 89 Ala. 455, 8 South. 40.

ANDERSON, C. J. [1-3] It is well settled by the decisions of this court that one joint owner of land may file a bill in equity for a sale of same for division when the same cannot be fairly partitioned in kind between the respective owners, notwithstanding the owners may be husband and wife. Donegan v. Donegan, 103 Ala. 488, 15 South. 823, 49 Am. St. Rep. 53. Such a bill, however, cannot be maintained by the husband against the wife, over her objection, when the land sought to be sold constitutes the homestead. Mitchell v. Mitchell, 101 Ala. 183, 13 South. 147. The last part of paragraph 3 of the bill charges that the land in question was not used as a homestead at the time of filing said bill, and this averment was neither eliminated nor contradicted by the amendment to said bill.

[4] Paragraph 4 of the bill, before and after amendment, charges that the said land cannot be equitably divided, and, while the reasons given therefor do not go further, and show an inequality of value, or other physical facts than that one lot is improved and the others are not, it does not affirmatively show or aver that said land can be equitably divided, and is not subject to the respondent's fourth and sixth grounds of demurrer. Smith v. Witcher, 180 Ala. 102, 60 South 391; McEvoy v. Leonard, 89 Ala. 455, 8 South. 40.

The decree of the circuit court is affirmed.
Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.