(99 South. 187)

### MILES v. MILES. (6 Div. 22.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

1. **Homestead ⬅168 — Lease transferring homestead with exclusive possession held "abandonment," unless saved by statutory declaration.**

Code 1907, § 4192, allowing a declaration of homestead to be filed to prevent "abandonment" of homestead by owner's temporary absence renders any leasing which transfers exclusive possession to lessee for any definite term an abandonment of the homestead right, unless saved by the statutory declaration.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon—Abandonment.]

2. **Husband and wife ⬅6(1)—Husband not estopped to claim lot included by mistake in deed to him and the wife.**

Where lot 9 was deeded to and paid for by husband, and, lots 8 and 10 having been purchased, a deed by mistake covering lots 8 and 9 was made to husband and wife, both executing notes and mortgage, and deed to lot 10 was made to correct the mistake, but the mortgage covering lot 9 was permitted to stand, the husband was not estopped to claim lot 9 as his individual property.

3. **Partition ⬅77(4)—Burden of proof on husband suing wife for partition of abandoned homestead property stated.**

In a husband's suit against his wife to partition two jointly owned lots, the burden of proof that it could not be equitably divided was on complainant, but such burden was sustained by proof that the only practical division would be by allotting one lot to one and one to the other, and that the lots were not of substantially equal value.

4. **Insurance ⬅580(1)—Joint owner insuring his interest separately entitled to retain insurance.**

One joint owner, insuring his interest in property separately, is entitled to recover and retain the insurance.

5. **Insurance ⬅580(1)—Joint owner insuring for and at expense of all, each entitled to share of proceeds.**

Where a joint owner insures the property for all and at the expense of all, each is entitled to a share of insurance proceeds.

6. **Insurance ⬅580(1)—Cotenants contributing to premiums on insurance paid by one tenant entitled to share in proceeds.**

Where a joint owner takes out insurance on the whole property and calls on the cotenants to contribute to the premiums or pays them from rents from the common property, they should share therein in case of loss.

7. **Insurance ⬅580(1) — Cotenant insuring own improvements at own expense entitled to proceeds.**

A tenant in common, insuring improvements made by himself at his own expense, is entitled to proceeds in case of loss.

8. **Insurance ⬅580(1) — Equities determine whether joint owner is entitled to proceeds where other owner insures as sole owner.**

Where one joint owner insures the property as sole owner for its full insurable value, and pays the premiums, whether the other joint owner, being no party to the transaction, has an interest in the insurance collected turns on the equities of the particular case.

9. **Insurance ⬅580(1)—Facts held to entitle wife in equity to insurance money on dwelling jointly owned with husband.**

Where a wife paid all or the greater part of the cost of a dwelling built on property owned jointly with her husband, with borrowed money secured by mortgage, reciting it was her debt, and notes signed by the husband as surety, she was entitled in equity to proceeds of insurance taken out by her as against the husband, who had drifted away from her.

10. **Husband and wife ⬅4—Duty to support wife is both public and private duty.**

The duty of a husband to support his wife, which includes the duty to provide shelter, is both a private and public duty.

11. **Insurance ⬅580(1)—Wife's payment of premiums on dwelling house held to preclude husband's suing for joint share in money collected.**

If the wife insures for her own benefit the family dwelling, owned by herself and husband

jointly, pays the premiums thereon from the earnings of her labor and collects the insurance, the husband cannot maintain an action at law or in equity against her for any portion thereof.

On Rehearing.

**12. Lis pendens ⊕=26(1)—Purchaser of lands pendente lite takes subject.**

A purchaser of lands pendente lite takes the interest conveyed to him subject to the lis pendens of the suit, and a purchaser under the decree of sale obtains good title against him.

**13. Abatement and revival ⊕=41—Purchase of lands pendente lite does not abate suit.**

Purchase of lands pendente lite does not abate suit for partition, but it may proceed in the name of the original complainant.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Tom Miles against Sallie Miles, to sell lands for distribution of the proceeds among joint owners. From a decree for complainant, respondent appeals. Affirmed in part, reversed and rendered in part, and remanded on rehearing.

Erle Pettus, of Birmingham, for appellant.

It is essential to the equity of this bill that the property cannot be fairly partitioned in kind. Miles v. Miles, 207 Ala. 58, 91 South. 886. The husband cannot, over objection of the wife, maintain a bill to sell lands jointly owned by them, when the land constitutes the homestead. Miles v. Miles, supra; Mitchell v. Mitchell, 101 Ala. 183, 13 South. 147. The wife was entitled to interpose all claim of homestead rights, the husband having left the state. Code 1907, § 4190; Winkles v. Powell, 173 Ala. 52, 55 South. 536. Temporary change of domicile does not defeat the right, nor is filing of claim indispensable. Kelly v. Garrett, 67 Ala. 304; Murphy v. Hunt, 75 Ala. 439; Fuller v. Am. Supp. Co., 185 Ala. 512, 64 South. 549; Lewis v. Lewis, 201 Ala. 112, 77 South. 406; Cofer v. Scroggins, 98 Ala. 342, 13 South. 115, 39 Am. St. Rep. 54. Appellee having conveyed his interest, the entire situation was changed; the suit could not be permitted to proceed in the name of appellee. Seay v. Graves, 178 Ala. 131, 59 South. 469; Ala. Fid. Mtg. Co. v. Dubberly, 198 Ala. 545, 73 South. 911.; Culley v. Elford, 187 Ala. 165, 65 South. 381; Morton v. New Orleans & S. Ry. Co. & Immigration Ass'n, 79 Ala. 590; Andrews v. Hobson's Adm'r, 23 Ala. 220; Marshall v. Shiff, 130 Ala. 548, 30 South. 335.

J. S. McLendon, of Birmingham, for appellee.

One joint owner of land may file a bill in equity for a sale for division, when same cannot be fairly partitioned in kind, notwithstanding the owners may be husband and wife. Miles v. Miles, 207 Ala. 58, 91 South. 886; Donegan v. Donegan, 103 Ala. 488, 15 South. 823, 49 Am. St. Rep. 53. The defendant's right of homestead exemption was lost by her leasing and quitting the premises without having filed written declaration and claim of exemption. Fuller v. Am. Supp. Co., 185 Ala. 512, 64 South. 549; Code 1907, § 4192. A pendente lite assignment carries with it an implied license by the assignor for the use of his name in the cause by the assignee to protect the right assigned. Story on Eq. Pl. § 156; 5 C. J. 1006; 30 Cyc. 43; Ex parte South & North Ry. Co., 95 U. S. 221, 24 L. Ed. 355; Galveston, H. & S. A. Ry. Co. v. Mathes (Tex. Civ. App.) 73 S. W. 411; Dolberry v. Trice's Ex'r, 49 Ala. 207; Griel v. Randolph, 108 Ala. 601, 18 South. 609.; Stein v. McGrath, 128 Ala. 175, 30 South. 792; Morton v. Immigration, 79 Ala. 609. It was admitted that the real estate involved was noncontiguous, urban property, and appellant was not entitled to claim both lots as a homestead, nor did the pleadings show an election to claim, or the proof the use, of either as such homestead. Tyler v. Jewett, 82 Ala. 93, 2 South. 905; Dicus v. Hall, 83 Ala. 159, 3 South. 239; Seabury v. Hemley, 174 Ala. 116, 56 South. 530.

BOULDIN, J. The primary purpose of the bill is the sale of lands of tenants in common for division, upon the ground that they cannot be equitably divided in kind. The suit is by the husband against the wife.

In Miles v. Miles, 207 Ala. 57, 91 South. 886, the bill was held good as against the grounds of demurrer assigned. Following Mitchell v. Mitchell, 101 Ala. 183, 13 South. 147, we held that such a bill cannot be maintained by the husband against the wife, over her objection, when the land constitutes the homestead.

The question of homestead, vel non, was made an issue on the hearing upon the merits and decided against Sallie Miles, the wife.

The evidence, without conflict, shows that both husband and wife ceased to occupy the residence, and that the wife rented it and received the rents for about two years before the bill was filed, and that a short time before suit brought she had leased it for a term of years. No declaration of claim was filed.

In Fuller v. American Supply Co., 185 Ala. 512, 64 South. 549, we reviewed the decisions and statutes touching the abandonment of the homestead. It was held that the owner who quits his homestead temporarily with intent to return, and without letting it to rent, does not forfeit his homestead right, though he fails to file a declaration pursuant to section 4192 of the Code of 1907.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] In Smith Lumber Co. v. Garry, 202 Ala. 473, 80 South. 857, we held that the effect of the amendment wrought by the above section "is to render any leasing which transfers the exclusive possession to the lessee for any definite term an abandonment of the homestead right, unless it is saved by the statutory declaration and claim required, and to perserve the homestead right, if so claimed, regardless of the term of the lease." The latter decision covers the case at bar, and the court below properly held the homestead abandoned.

[2] The original bill covers three adjoining lots, 8, 9, and 10, of Emma Shaw survey in East Birmingham. By amendment lot No. 9 was stricken out. It is insisted this lot should have been treated as part of the property in the matter of division or sale. It clearly appears this lot was purchased, paid for in cash, and deeded to Tom Miles in March, 1905. It appears the other two lots or one of them probably was purchased at the same time and part payment made thereon. In April following the deed to two lots, 8 and 9, was made to Tom and Sallie Miles jointly, and both executed notes and mortgage to secure the purchase money. In September following a deed to lot 10, expressing a nominal consideration, was executed to them jointly. We are satisfied from the evidence that lot 9 was included in the joint deed by mistake in description; that the deed of September was to correct this. This was the occasion of the collateral agreement showing the purchase-money mortgage was for purchase money due on lots 8 and 10, instead of 8 and 9, but stipulating that the mortgage on 9 should still stand in lieu of mortgage on No. 10. These facts did not create an estoppel against Tom to claim No. 9 as his individual property.

By answer and cross-bill Sallie sets up a claim in equity to the entire property, on the theory that she paid the whole of the purchase money, and the moiety held by Tom in lots 8 and 10 is held in trust for her. Much testimony and argument is directed to this question. Each of the parties claims to have paid it all. As to lot 9 it is agreed the purchase money was brought from Tennessee on their removal to Birmingham. Both claim the money. As to lots 8 and 10, the purchase money, with possible exception of $50, was evidenced by 15 notes of $30 each, and one of $20, payable monthly. They matured in 1905 and 1906, their early days in Birmingham.

A careful study of the whole evidence on this issue convinces us that during this period Tom was working as a miner, getting good wages, and that both co-operated in paying out their property in the hope of having a home. The amount contributed by Sallie, if any, did not exceed the amount of her joint liability on the purchase-money notes. On the whole Sallie has not met the burden of proof on this issue, and after this long period of time we approve the finding that the title should remain where the parties placed it, in their happier and better days. Lehman v. Lewis, 62 Ala. 129; Manning v. Pippen, 95 Ala. 541, 11 South. 56; Fowler v. Fowler, 205 Ala. 514, 88 South. 648.

[3] In reviewing the evidence as to whether the property may be equitably partitioned in kind, the fact that it consists of two small city lots, not contiguous to each other, reduces the primary inquiry to whether they are of the same or substantially the same value. One is the larger corner lot. The other has now a small residence on it. Opinions of witnesses vary widely as to their relative value, and as to the market value of either.

The burden of proof is on complainant to prove the property cannot be equitably divided. This burden is met if it is shown that the only practical division would be by allotting one parcel to one and one to the other, and that the lots are not of substantially equal value. Under the evidence we will not disturb the decree of sale.

A residence was erected on lot 10, and occupied by the parties as their home until it was burned in 1915. Sallie Miles, the wife, insured this residence, and when it was burned collected and retained the insurance. The court below decreed to the husband one-half this fund, with interest, and declared a lien therefor on Sallie's share of the proceeds of sale.

This feature of the bill was not presented nor reviewed on the former appeal. The right to this money turns upon several questions touching the relations of the parties toward the property and this insurance.

[4-6] Where one joint owner insures his interest in the property separately, he is, of course, entitled, in case of loss, to recover and retain the insurance. If he insures for the benefit and at the expense of all, each is entitled to a share of the proceeds. So, if the one takes out insurance on the whole, and calls on the co-tenants to contribute to payment of the premiums, or pays them from rents of the common property, they should share therein in case of loss. These principles are clear enough. 26 C. J. 435; Lebanon Nat. Bank v. Bond, 89 Tenn. 462, 14 S. W. 1078; Continental Ins. Co. v. Maxwell, 9 Kan. App. 268, 60 Pac. 539; Freeman on Cotenancy and Partition (2d Ed.) § 264.

[7] If a tenant in common insures improvements made by himself at his own expense, the insurance, in case of loss, should be his. Annely v. De Saussure, 26 S. C. 497, 2 S. E. 490, 4 Am. St. Rep. 725.

[8] But if the insurance is taken by one only on the property as sole owner for its full insurable value, who pays the premiums thereon, the other joint owner being no

party to the transaction in any way, whether the insurance, in case of loss, inures to both, is not free from difficulty. Manifestly, the insurer in such case would have the right to avoid the policy or limit payment to the insurable value of the interest of the insured, in a proper case; but whether the other joint owner has an interest in law or equity in the insurance money so collected may properly turn on the equities of the particular case.

In Durand v. Thouron, 1 Port. 238, a store keeper took insurance on the contents of his store. The contents included goods deposited with him for sale. A loss occurred, and he gave the owner of the goods on deposit a memorandum agreeing to account for his proportion of the insurance. It was held that such memorandum 'evidenced a purpose to insure for joint benefit; that the other party could ratify same and claim his part.

In Batre v. Durand, 1 Port. 251, as also in Snow v. Carr, 61 Ala. 363, 32 Am. Rep. 3, the policy covered goods held in trust, for sale, etc. In both cases the decision turned on the construction of the policies as to property covered thereby.

In Shadgett v. Phillips, 131 Ala. 478, 31 South. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95, it was held that insurance on a piano taken out by and in the name of one holding under a conditional sale contract, could not be reached in equity by the vendor, although the insured had paid but a small portion of the price. The theory of the decision was that there was no privity of contract, that it was for the sole indemnity of the insured, and the vendor was not concerned as to any adjustment of loss made on the policy. See, also, Ridley v. Ennis, 70 Ala. 463; Vandegraaff v. Medlock, 3 Port. 389, 29 Am. Dec. 256.

In the case at bar the wife, so far as appears, took out the insurance in her own right, paid the premiums from her own funds; and it does not appear it was done for the common benefit of herself and husband. It is generally held that the husband has, in such case, no claim on the fund as against the insurer. Pelican Ins. Co. v. Smith, 107 Ala. 313, 18 South. 105; Miotke v. Milwaukee Mechanics Ins. Co., 113 Mich. 166, 71 N. W. 463; 26 C. J. 436.

[9] But there are other equities here, which, to our minds, are of controlling importance. Our study of the record convinces us that Sallie paid all or the greater part of the cost of this insured dwelling. The money was borrowed from Mrs. Russell, secured by mortgage and a series of notes of $12 each, payable monthly during a period of more than 5 years. The mortgage recited it was Sallie's debt, and the notes were signed by Tom as surety. The house was built about the time the lots were paid out. Soon thereafter it appears the miners' strike of 1907 threw Tom out of employment. He seems to have lost interest in Birmingham property, began to drift, and finally drifted away from Sallie. Meantime Sallie had an income of her own, held loyally to the task of paying out her home, and insured it against the day of misfortune. Without too long-drawn discussion, we think these were the notes she was paying out during those years of toil as testified to by so many witnesses. The house burned, she got the money, kept it, or used it, as she claims, from 1915 to 1920, when this trouble arose.

[10] Moreover, the husband has the duty to support his wife and family. A part of this duty is to provide shelter. This is not only a private but a public duty. Clisby v. Clisby, 160 Ala. 572, 49 South. 445; Ortman v. Ortman, 203 Ala. 167, 82 South. 417.

This insured dwelling was, at the time the insurance was taken, and at the time of the loss, the homestead of the parties. The wife had a greater interest than that of a joint owner of ordinary property. The insurance money in this instance stood in lieu of the lost home.

[11] We declare it the law of Alabama that if the wife insures for her own benefit the family dwelling, owned by herself and husband jointly, pays the premiums thereon from the earnings of her own labor, and collects the insurance, the husband cannot maintain an action at law or in equity against her for any portion thereof.

The court below erred in decreeing one-half this fund to the husband. For this error, the decree of the court below is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

BOULDIN, J. [12, 13] A purchaser of lands pendente lite takes the interest conveyed to him subject to the lis pendens of the suit. He is bound by the decree of sale, and a purchaser will obtain a good title as though no transfer had been made. In such case the suit does not abate, but may proceed in the name of the original complainant. The respondent whose interest is not thereby affected, nor burdened with any additional charges, suffers no injury which calls for a reversal of a decree so rendered. Stein v. McGrath, 128 Ala. 175, 30 South. 792; Dolberry v. Trice's Executor, 49 Ala. 207; 5 C. J. 1006; 30 Cyc. 43.

On appellee's application for modification of the decree of this court, it appears the litigation has been long pending and that all the equities have been settled. In aid of a mere prompt administration of justice, the decree of this court will be modified as follows:

The decree of the court below, to the effect that complainant recover of respondent $612.74 as his share of the money collected on the insurance loss, is reversed, and decree is here rendered denying relief on that phase of the bill. In all other respects the decree of the court below is affirmed, and the cause is remanded,. for further proceedings under the decree as here corrected; appellee will pay the costs of appeal.

Application for rehearing by appellant overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.