SAM A. BEATTY, Retired Justice.
Toni Gay, as guardian and conservator of her aunt, Edna Morgan, appeals from a judgment in which the trial court divided certain insurance proceeds between Morgan and Morgan’s daughter, Barbara Morgan Hubbard. We reverse and remand.
Hubbard lived with Morgan in a home that Morgan had purchased. They held title to the home jointly, however, with right of sur-vivorship. Hubbard had lived with her mother since approximately 1973 and had not worked since approximately 1989. The two women lived entirely on the mother’s pension. Hubbard, who is a nurse, contends that she stopped working so that she could care for her mother, who had developed a brain tumor.
On or about September 21, 1992, Morgan’s brother, Harold Owen, learned that the insurance coverage on the home had lapsed. Owen and his wife took Morgan to an office of the State Farm Insurance Company, where she applied for insurance in her name. Morgan paid the premium with money lent to her by Owen. Hubbard was not present during this transaction. On May 23, 1994, the home burned. After the fire, Morgan made a claim for the insurance proceeds, and State Farm paid her approximately $27,000 for the damage caused by the fire. No part of the insurance proceeds was paid to Hubbard. At the time of the fire and for some time thereafter, Hubbard did not even know that her mother had reinsured the property after the prior coverage had lapsed.
Approximately two weeks before the fire, the Calhoun County Department of Human Resources filed a petition for protective services, alleging that Morgan was in need of protection, and removed her from the home she shared with Hubbard. After a hearing, the trial court ruled that Morgan was an adult in need of protective services, pursuant to § 38-9-1 et seq., Ala.Code 1975. Owen was appointed conservator of Morgan’s estate, and Morgan’s sister, Nettie Patterson, was appointed as guardian of her person. Owen petitioned the court to sell the real property that had formerly been Morgan’s home for a division of the proceeds. Owen later became incapable of serving as conservator and Patterson resigned as guardian. Gay, Owen’s daughter and Morgan’s niece, was appointed conservator and guardian of her aunt in March 1995.
The trial court held a hearing to determine whether the property owned jointly by Morgan and Hubbard should be sold for a division of the proceeds and to determine who was entitled to the fire insurance proceeds on the home. The court’s judgment noted that Hubbard had held a one-half interest in the *1157 home and noted the relationship between Hubbard and Morgan during the years they had lived together, and it held that Hubbard was entitled to one-half of the insurance proceeds. The court further held that the conservator would be allowed to proceed with the sale for division, after payment of Hubbard’s share of the insurance. Gay appealed.
The only issue before us is whether Hubbard is entitled to one-half of the insurance proceeds.
The seminal case on this issue is Miles v. Miles, 211 Ala. 26, 99 So. 187 (1924), in which our supreme court stated:
“Where one joint owner insures his interest in the property separately, he is, of course, entitled, in case of loss, to recover and retain the insurance. If he insures for the benefit and at the expense of all, each is entitled to a share of the proceeds....
[[Image here]]
“But if the insurance is taken by one only on the property as sole owner for its full insurable value, who pays the premiums thereon, the other joint owner being no party to the transaction in any way, whether the insurance, in case of loss, inures to both, is not free from difficulty. Manifestly, the insurer in such case would have the right to avoid the policy or limit payment to the insurable value of the interest of the insured, in a proper case; but whether the other joint owner has an interest in law or equity in the insurance money so collected may properly turn on the equities of the particular case.
[[Image here]]
‘We declare it the law of Alabama that if the wife insures for her own benefit the family dwelling, owned by herself and husband jointly, pays the premiums thereon from the earnings of her own labor, and collects the insurance, the husband cannot maintain an action at law or in equity against her for any portion thereof.”
211 Ala. at 28-29, 99 So. at 189-90.
Our supreme court stated in Anderson v. Brooks, 446 So.2d 36, 39 (Ala.1984), that “whether joint owners should share in insurance monies depends upon the equities of the particular case.” Those equities weigh heavily in favor of the person who procured the insurance and who paid the premiums. In Independent Fire Ins. Co. v. Hagler, 434 So.2d 277 (Ala.Civ.App.1983), this court held that interests of joint owners who had not contributed toward payment of an insurance premium and who were not intended beneficiaries of the insurance contract were not protected by that policy. In Dickerson v. Stewart, 473 So.2d 1078 (Ala.Civ.App.1985), this court held that a life estate tenant had no equity in an insurance policy where there was no agreement, either express or implied, that the insurance be procured for the benefit of the life tenant and the life tenant had not contributed to the payment of the premium. The court noted that a' contract of insurance is a personal contract that inures .to the benefit of the party with whom it is made and by whom the premiums are paid. 473 So.2d at 1080.
Hubbard argues that the equities in this case favor allowing her one-half of the proceeds. She contends that, because she is an only child, her name was on the deed, her mother intended that she always have a house to live in, and the contents of the house belonged partly to her, she should receive a share of the proceeds. Hubbard maintains that she is now homeless, that she sacrificed her career to care for her mother, and that she needs a share of the insurance proceeds to begin to rebuild her life. Gay contends that it was Hubbard who allowed the insurance to lapse and that the money lent to Morgan by Owen was intended only for Morgan’s benefit. We recognize Hubbard’s plight; however, the primary factors recognized by Alabama law, i.e., who paid the insurance premiums, in whose name the policy was issued, and for whose benefit the premiums were paid, all mandate that Morgan should receive the insurance proceeds in their entirety.
The judgment awarding one-half of the fire insurance proceeds to Hubbard is reversed. The trial court is directed to amend its judgment to award the insurance proceeds to Morgan, in accordance with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active *1158 duty status as a judge of this court under the provisions of § 12 — 18—10(e), Aa.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., dissents.