(124 So. 199)

PARKER v. TAYLOR. (8 Div. 123.)

Supreme Court of Alabama.   Oct. 10, 1929.

ANDERSON, C. J. ■ The only count in the complaint proceeds upon the theory of a deceit as defined by sections 5676 and 5677 of the Code of 1923, and not as for a legal fraud as defined by section 8049. In fact, it charges that the defendant represented the car to the plaintiff as new when he knew that it was a used car. True, the evidence shows that the defendant's vendor represented to him that the car was new, but there is evidence from which the jury could have inferred that, notwithstanding such representation, the defendant knew that it was not a new car when he traded it to the plaintiff. The trial court did not err in refusing the general charge requested by the defendant.

■ The argument of counsel as to the removal of the tires was based on the testimony of Hicks, who testified that he removed and sold the tires from the Whippet car while on exhibition in his show window. True, he said nothing about "jacking" it up, but it could well be inferred that he "jacked" or raised the car in some way to remove the tires.

■ The trial court committed no reversible error in ruling upon the evidence. It required no expert to testify as to the value of the cars or whether or not the Whippet car was a new one or a secondhand one, whether or not it had been or had not been used.

The issue in this case was properly submitted to the jury, and we cannot say that the verdict was so contrary to the great weight of the evidence as to put the trial court in error in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

James C. Roberts, of Florence, for appellant.

Wallace C. Porter, of Florence, for appellee.