153 So. 243

## NORTHERN ASSUR. CO., Limited, v. STEWART.
### ATLAS ASSUR. CO., Limited, v. SAME.
### 7 Div. 245–246.

Supreme Court of Alabama.
March 8, 1934.

202

Knox, Dixon & Dixon, of Talladega, for appellee.

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellants.

GARDNER, Justice.

In December, 1929, O. J. Stewart and his wife jointly owned and occupied as a homestead a house and lot in Sylacauga, Ala., which they insist was damaged by the cyclone on March 21, 1932. The Northern Assurance Company, Limited, issued a policy of insurance in the name of O. J. Stewart, insuring the house and household goods against loss by cyclone and tornado—the house to the extent of $1,500 and the furniture $250. And a like policy was issued by Atlas Assurance Company to O. J. Stewart upon the household goods alone in the sum of $750. J. E. Jordan issued and delivered these policies and collected the full premium thereon; and the proof tended to show said Jordan was, as to said companies, a general agent to the extent of the authority to bind them by waiver of conditions and warranties inserted in the policies for the insurer's benefit. Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84.

The two suits on these policies were by agreement consolidated, and are here so submitted.

■ The first consideration relates to the policy on both the house and the furniture. As to the house, it is without dispute this property was jointly purchased by the husband and wife, and the deed so executed. The policy was issued to the plaintiff. But testimony on his behalf tended to show that upon the issuance of the policy the company's general agent was specifically informed as to the nature of the title, and the question asked said agent (the policy as prepared being in his name only) whether or not such joint ownership would make any difference, and plaintiff was assured that it would not. The policy indicates insurance to plaintiff as for an absolute title and not a partial interest; the premium being charged and collected on that basis. Plaintiff not only was joint owner of the property with his wife, but he had a further interest, in that it constituted the homestead jointly occupied by them, and by the weight of authority this of itself suffices as an insurable interest. Basa v. Pierz Farmers Mutual Fire Ins. Co., 178 Minn. 305, 227 N. W. 39, 68 A. L. R. 359, the first headnote of which reads as follows: "A husband has an insurable interest in a homestead title to which is held by his wife with whom he is living." The authorities cited in the note (68 A. L. R. page 366) as well as those noted in 26 Corpus Juris, 36, sustain this view, and it is likewise in harmony with the underlying principle of American Eq. Assurance Co. v. Powderly Coal & Lbr. Co., 225 Ala. 208, 142 So. 37. No lack of insurable interest, therefore, stands in the way of plaintiff's recovery.

■ This court has also adopted the majority view that "insurance taken by one with an insurable interest in the property, who pays the premiums thereon out of his own funds, is a personal indemnity to the insured." Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881, 884.

■ Plaintiff's complaint, as fell as replications and his proof adduced thereunder, are to the effect that defendant's general agent was truly informed as to the nature of the title, and placed the insurance as upon an absolute title, demanded and received the premium based upon such ownership, and our cases hold that under these circumstances both reason and authority demand that the loss be compensated as if insured held a title in fee. Westchester Fire Ins. Co. v. Green, supra; Am. Eq. Assur. Co. v. Powderly Coal & Lbr. Co., supra; Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84; National Fire Ins. Co. v. Tenn. Land Co., 224 Ala. 113, 139 So. 227.

These authorities, together with New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82, and Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399, fully answer, we think, all questions presented as to the pleadings as well as the insistence for error in the refusal of the affirmative charge requested by defendant, or charges limited to a recovery of nominal damages, or to any fractional interest only as to the house. We consider these general observations sufficient without a detailed consideration of the several matters presented by the assignments.

The evidence was in conflict, and the issues of fact were submitted to the jury for deter-

mination, with proper instructions from the trial court.

The matters of objection to evidence (assignments of error 24, 26, 30, 31, 32, and 33), in the light of the testimony of the witness Prickett and Mrs. Dykes, in connection with the appropriate rule of law (Sussex Fire Ins. Co. v. Barton, 225 Ala. 570, 144 So. 439), so clearly present no error to reverse as to call for no discussion.

The witness Jordan testified as to the damages to the house that he saw, and only part he thought might have been damaged by the cyclone. We are therefore of the opinion defendant received the full benefit of the question, ruling on which constitutes assignment 35, and consideration thereof otherwise is unnecessary, though we are inclined to the view the question was too broad in its scope and lacking in sufficient proof as a predicate in its support.

We have stated our conclusion that plaintiff had an insurable interest (aside from his joint ownership) in the house as a homestead occupied by himself and wife.

Plea 9 is based upon a contrary conception of the law, and is unsupported, therefore, by the proof. The excerpt from the oral charge (assignment 36) presents no error to reverse.

Aside from any question of law presented, consideration of which is here rendered unnecessary (Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 So. 202; Phœnix Ins. Co. v. Copeland, 86 Ala. 551, 6 So. 143, 4 L. R. A. 848; Sussex Fire Ins. Co. v. Barton, 225 Ala. 570, 144 So. 439; McAnarney v. Newark Fire Ins. Co., 247 N. Y. 176, 159 N. E. 902, 56 A. L. R. 1149, and note), the argument as to assignment 37 appears to be rested largely upon the assumption there was no proof on plaintiff's part of the cost of replacement that would justify the damages awarded for the house. But this argument overlooks the testimony of the witness Prickett, qualified as an expert builder and carpenter, who examined the house after the storm, and was familiar with the house prior thereto. His estimate of the value before and after the cyclone discloses a difference in full support of the amount of the jury's verdict. But, in addition to this, witness further states: "I don't think you could plumb the house and straighten it up without taking it down," and that in his opinion the cost to build a house "of the same construction and material, $3,000.00."

The contention of defendant that this house was not damaged by the cyclone, or, if so, the amount of damage was nominal, or at least a small sum, has been carefully considered in the light of all the proof. But both questions were clearly for the jury's determination, and we are of the opinion the evidence was ample to support the verdict, and the motion for a new trial was properly denied.

The foregoing observations are upon assignments of error in the case of Northern Assurance Company, Limited, v. O. J. Stewart. We find nothing calling for a reversal of the judgment rendered.

As to the case of Atlas Assurance Company, Limited, v. O. J. Stewart, the plaintiff was undisputedly the sole owner of the household furniture covered by the policy, and questions relating to ownership are not of course presented.

■ We are of the opinion there was no error in overruling the demurrer to replications 5 and 6 to plea 6. Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; Southern States Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Penn. Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923; Ins. Co. of N. Am. v. Williams, 200 Ala. 681, 77 So. 159.

■ There was no error in permitting plaintiff's wife to testify in what manner the storm affected the furniture (rain and dirt) and the fact the veneering came off. Nor was there error in permitting this witness to correct her former testimony as to the amount of damages. She was also properly permitted to testify as to the value of the furniture before and after the storm. Sussex Fire Ins. Co. v. Barton, supra; Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662; Parker v. Taylor, 220 Ala. 68, 124 So. 199.

■ We are also of the opinion there was some evidence as to repair or replacement value of the furniture, as the jury could reasonably infer from the testimony of Mrs. Stewart on cross-examination (Transcript, p. 149) that the original claim for only $93 was based upon the estimate of repairs. Moreover, as to the household furniture, it is held on good authority that the matter of indemnity is the value of the use to the owner who suffers from their deprivation. McAnarney v. Newark Fire Ins. Co., supra.

Charge D was in effect the affirmative charge as to any recovery for damage to the furniture. A jury question was presented, and this charge properly refused.

We find no error to reverse in the Atlas Assurance Company, Limited, case.

It results, therefore, that the judgment as to both cases should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.