WRIGHT, Presiding Judge.
Buyer recovered a verdict of $225 from seller in an action for fraud and deceit in the sale of an automobile. Seller appealed. We affirm.
Buyer filed suit for misrepresentation alleging that the seller had sold him an automobile with a used engine though representing that it was new. Trial later resulted in a judgment for buyer.
Buyer saw the seller’s newspaper advertisement offering for sale a 1971 GTO with new engine, new brakes, mag wheels, and AM-FM stereo tape deck. He testified that he took a look at the car and was told by seller the engine was new. He obtained financing and completed the purchase. The car broke down with an engine malfunction the same day. Buyer contacted seller and was told again that the engine was new and to take it to a mechanic at Dothan Lincoln-Mercury who would fix it, as it should still be under some type of warranty. Buyer learned that it was not a new engine and repair was refused.
The issue of a seller’s liability for misrepresentation in the sale of an allegedly new automobile is one of fact. Parker v. Taylor, 220 Ala. 69, 124 So. 199 (1929). The trial court sitting ore tenus heard the evidence in this case including the buyer’s testimony that the seller told him the engine was new. The judgment of the court is sufficiently supported by the evidence. Hall Motor Company v. Furman, 285 Ala. 499, 234 So.2d 37 (1970).
The trial court’s decree in favor of the buyer is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.