WRIGHT, Presiding Judge.
This is an appeal by Independent Fire Insurance Company (Independent), from a judgment in favor of Andrew J. Hagler, as administrator of the estate of Willie Bell Coleman, deceased. The judgment involves the proceeds of a fire insurance policy. The insured house was the center of a title dispute between the heirs of Dave Coleman and Willie Bell Coleman.
The house was located on property jointly owned by the heirs of Willie Bell and Dave Coleman. The title dispute was resolved with one-half ownership in Dave’s heirs and one-half in Willie Bell’s heirs. As an heir of Dave Coleman, Rosie Mae Harris owned an undivided one-fourteenth interest in the property and resided there until it burned. Ms. Harris obtained a hazard insurance policy from Independent in the amount of $25,-000 in her name. The other heirs of Dave Coleman shared in the premium payments.
During the pendency of a bill for sale and division filed by the estate of Willie Bell Coleman, the house burned. The estate made claim under the insurance policy obtained by Ms. Harris for loss due to the burning of the house. Independent had paid Ms. Harris $4,000 as the actual cash value of the one-half interest of the Coleman heirs. Independent was made a defendant in the suit for sale and division.
An appraiser appointed by the court as a part of the action for sale and division, valued the property at $8,500. The property was ordered sold for division. The court awarded the plaintiff judgment for $12,000 against Independent, less a $4,000 credit for payments made to Ms. Harris. It also directed an additional $2,000 be paid to the Dave Coleman heirs, leaving $6,000 to be paid plaintiff for the Willie Bell Coleman heirs. The court taxed one-third of the entire costs to Independent. The costs include a $1,000 attorney fee to Mark Poison for filing the bill of sale and division, a $750 guardian ad litem fee and a $225 appraisal fee.
Independent appeals asserting the trial court erred as a matter of law in awarding judgment against it and in taxing attorney fees against it.
The trial court apparently found Ms. Harris had insured not only the interest of the heirs of Dave Coleman, but of Willie Bell Coleman as well. In Miles v. Miles, 211 Ala. 26, 99 So. 187 (1924), the supreme court stated:
“Where one joint owner insures his interest in the property separately, he is, of course, entitled in case of loss, to recover and retain the insurance. If he insures for the benefit and at the expense of all, each is entitled to a share of the proceeds. So, if the one takes out insurance on the whole, and calls on the co-tenants to contribute to payment of the premiums, or pays them from rents of the common property, they should share therein in case of loss. These principles are clear enough. 26 C.J. 435; Lebanon Nat. Bank v. Bond, 89 Tenn. 462, 14 S.W. 1078; Continental Ins. Co. v. Maxwell, 9 Kan.App. 268, 60 Pac, 539; Freeman on Cotenancy and Partition (2d Ed.) § 264.

“But if the insurance is taken by one only on the property as sole owner for its full insurable value, who pays the premiums thereon, the other joint owner being no party to the transaction in any way, *279 whether the insurance, in case of loss, inures to both, is not free from difficulty. Manifestly, the insurer in such case would have the right to avoid the policy or limit payment to the insurable value of the interest of the insured, in a proper case; but whether the other joint owner has an interest in law or equity in the insurance money so collected may properly turn on the equities of the particular case. (Emphasis added.)
The court concluded:
“We declare it the law of Alabama that if the wife insures for her own benefit the family dwelling, owned by herself and husband jointly, pays the premiums thereon from the earnings of her own labor, and collects the insurance, the husband cannot maintain an action at law or in equity against her for any portion thereof.”
In the subsequent case of Murray v. Webster, 256 Ala. 248, 54 So.2d 505 (1951), citing Miles, the court declined to follow the proposition that one with an interest less than the whole who insures the property for its full value is treated as a trustee for the benefit of the remainder owners. Murray also noted that whether the other joint owners have an interest in the insurance money may turn on the equities of the particular case.
In this case, Ms. Harris, the daughter of Dave Coleman, had resided in the house since before the death of her father. She had secured the fire insurance policy in her name as insured. She had insured the house and its contents as the home owner. Independent had no knowledge of the interest of others. The heirs of Willie Bell Coleman had no knowledge of the policy and of course did not contribute toward the premium. The other heirs of Dave Coleman made some contribution toward payment of the premium, and Ms. Harris gave them their respective shares from the $4,000 paid to her by Independent in settlement of the loss from the fire. Independent learned of the interest of the heirs of Willie Bell Coleman in the insured property after the fire. It thereafter paid to Ms. Harris only one-half the cash value of the house, according to appraisal of the court-appointed appraiser.
There is no evidence but that Ms. Harris insured only her interest and that of the other heirs of Dave Coleman. It is equally evident that though she insured as sole owner for full insurable value, she paid the premiums, and the heirs of Willie Bell Coleman took no part in the transaction in any way. It is further evident that Independent had the right upon learning of the limited insurable interest of Ms. Harris to limit payment to her interest and that of those whom she represented. Miles, supra. It did so and returned the excess premium.
It appears further to be the law of this state that whether other joint owners should share in the insurance money so collected depends upon the equities of the particular case. Murray, supra. Our examination of the record discloses no such equities in this case. Of course, the judgment before us does not pertain to sharing the funds collected by Ms. Harris. Rather, it requires Independent to pay for interests of others than its insured and in an amount greater than any evidence as to value. The only evidence as to the market value of the property was given by the court’s own appraiser. That value was $8,500. The amount awarded was $12,000. The judgment gave an additional $2,000 to Ms. Harris and the other heirs of Dave Coleman in spite of her acceptance of $4,000, with release of Independent from further claim.
We find the judgment of the trial court contrary to the evidence and the law to be applied thereto. The judgment entered on December 22, 1982, insofar as it pertains to Independent Fire Insurance is reversed and set aside. The particular portions of said judgment referred to are contained in paragraphs 4 and 7. Judgment is hereby rendered in favor of Independent Fire Insurance Company in all aspects without costs.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.