This is an appeal from a trial court's disposition of the proceeds of an insurance *Page 37 
policy between the holders of undivided interests in business property destroyed by fire.
 I
Appellant, Janice Marie Brooks Anderson, and appellee Harold P. Brooks were formerly wife and husband, but were divorced in May of 1980. Their divorce decree incorporated a separation agreement which provided that the business property would remain in the joint names of the parties.
Prior to their divorce, Anderson and Brooks purchased an interest in a tract of property. The deed to the property conveyed an undivided interest therein to Anderson, Brooks, Jerry T. Mays, Sandra Mays, Gary Vandiver and Alice Vandiver as cotenants. (The Vandivers later sold their interest in the property to the remaining cotenants.) The property and the buildings thereon were used as a furniture manufacturing plant under the business name of Southland Manufacturing Company, Inc. (Southland). Southland's business affairs were overseen by Jerry Mays and Brooks, both before and after the divorce.
In May of 1978, Anderson and the appellees joined to execute a mortgage to the First National Bank of Russellville, Alabama. After the divorce of Brooks and Anderson, Brooks and Jerry and Sandra Mays executed and delivered a mortgage conveying their three-fourths interest in the business property to the First State Bank of Franklin County, Alabama.
In June of 1982, Penn American Insurance Company (Penn American) issued a policy of insurance covering the equipment and machinery of Southland Manufacturing Company against loss from fire. By endorsement dated 12 June 1982, Southland, Jerry Mays, Harold Brooks and Janice M. Brooks were listed as named insureds. At trial, there was testimony by a representative of the insurance company that this endorsement was actually backdated by the insurance company after the fire loss when they found Anderson's name was on the deed. The policy was also endorsed: (1) to provide coverage on the two buildings situated on the business property; (2) to add as mortgagees under a "loss payable" clause the First State Bank of Phil Campbell and the First National Bank of Russellville; and (3) to name as "insureds" under the policy Southland, Jerry Mays, and Harold Brooks.
In October of 1982, Anderson filed this suit. She sought the sale and division of certain jointly owned lands, including, but not limited to, the lands the subject of the issue raised on this appeal.
In November of 1982, a fire destroyed the two buildings located on the business property and the equipment housed in those buildings. Losses were assessed by the insurance company as follows:
 Contents of the buildings — $ 99,905.00 Building structures — $ 52,145.04 --------- Total — $152,050.04
For the purposes of this appeal, the above estimates of monetary loss are not disputed.
Penn American prepared and issued a draft payable to Southland, Jerry Mays, Harold Brooks, and Janice Anderson. When Anderson refused to endorse the draft, appellees filed a motion to compel endorsement of that negotiable instrument.
The trial court granted the motion to compel and decreed that the respective ownership interests of the parties to the business property were as follows:
 Janice Marie Brooks Anderson 1/4 undivided interest Harold P. Brooks 1/4 undivided interest Jerry T. Mays 1/4 undivided interest Sandra Mays 1/4 undivided interest
It further determined that the real estate could not be equally partitioned among the owners, and ordered that it be sold at public auction.
After the property was sold, the trial court ordered the clerk to disburse the insurance proceeds and the proceeds of the sale for division as follows:
$43,041.10 to First State Bank of Phil Campbell
$62.37 to be applied to the costs of sale *Page 38 
 $530.00 to Hon. Carl W. Stolsworth as an attorney's fee
 $64.50 to State General Fund (Commission on Judicial Sales)
$2,006.29 to Jerry T. Mays
$2,006.30 to Sandra Mays
$2,006.29 to Harold P. Brooks
$2,006.30 to Janice Marie Brooks Anderson
Janice Anderson contends the trial court erred in the above disposition by subtracting, from her one-fourth interest in the proceeds, payment for a mortgage to which she was not a party. She contends that the "loss payable" clause under the terms of the policy gave the First State Bank of Phil Campbell no greater interest in insurance proceeds than the three-fourth interest the bank held in the real property by virtue of its mortgage.
 II
Prior to our consideration of the issue presented by Anderson, we must note that this case was heard ore tenus. We will therefore not disturb the trial court's findings of fact unless those findings are plainly and palpably erroneous. We must affirm if that court's decree is "fairly supported by credible evidence under any reasonable aspect and is not palpably wrong or manifestly unjust." Caudle v. Ellison,401 So.2d 38 (Ala. 1981).
 III
Appellees contend the trial court should be affirmed because any error in its decision was not injurious to Anderson because she has no right to the insurance proceeds and thus no right to maintain an action against appellees for a portion of those proceeds. They rely on Independent Fire Insurance Co. v.Hagler, 434 So.2d 277 (Ala.Civ.App. 1983), where it was recently held that interests of joint owners who had not contributed toward payment of an insurance premium, and who were not intended beneficiaries of the insurance contract, were not protected by that policy. The Court of Civil Appeals, inHagler, reviewed Alabama law relative to the issue whether joint owners have an interest to insurance monies. In doing so, it quoted extensively from Miles v. Miles, 211 Ala. 26,99 So. 187 (1924), where this court analyzed the rights of joint owners under various circumstances:
 "`Where one joint owner insures his interest in the property separately, he is, of course, entitled in case of loss, to recover and retain the insurance. If he insures for the benefit and at the expense of all, each is entitled to a share of the proceeds. So, if the one takes out insurance on the whole, and calls on the co-tenants to contribute to payment of the premiums, or pays them from rents of the common property, they should share therein in case of loss. These principles are clear enough. [Citations omitted.]
"`. . . .
 "`But if the insurance is taken by one only on the property as sole owner for its full insurable value, who pays the premiums thereon, the other joint owner being no party to the transaction in any way, whether the insurance, in case of loss, inures to both, is not free from difficulty. Manifestly, the insurer in such case would have the right to avoid the policy or limit payment to the insurable value of the interest of the insured, in a proper case; but whether the other joint owner has an interest in law or equity in the insurance money so collected may properly turn on the equities of the particular case. [Emphasis added in Hagler.]
"The court [in Miles] concluded:
 "`We declare it the law of Alabama that if the wife insures for her own benefit the family dwelling, owned by herself and husband jointly, pays the premiums thereon from the earnings of her own labor, and collects the insurance, the husband cannot maintain an action at law or in equity against her for any portion thereof.'"
434 So.2d at 278-279.
In Hagler, the Court of Civil Appeals correctly surmised from the above, and other, authorities, that it is the law of this state *Page 39 
that whether joint owners should share in insurance monies depends upon the equities of the particular case. See alsoMurray v. Webster, 256 Ala. 248, 54 So.2d 505 (1951).
We have examined the equities of this particular case and find they do not favor Anderson and do not warrant reversal of the trial court's decision.
The insurance policy was procured by appellees, unknown to Anderson. It is undisputed she made no contribution toward the purchase of the policy and made no effort to procure insurance coverage for her one-fourth interest in Southland.
Anderson's one-fourth interest in the business property was in no way encumbered by either the mortgage held by First State Bank or the trial court's disposition of the insurance monies. Payment of the mortgage from the insurance proceeds under a "loss payable" clause is a matter of contract. The terms in a policy of insurance are to be given a rational and practical construction. Globe Life Insurance Company v. Howard,41 Ala. App. 621, 147 So.2d 853 (1961).
At the time of the fire loss, Anderson was not a named insured under the policy. Mr. Odum, a representative of Penn American, made the following statement of the company's responsibility under the policy:
 "The company's legal payment is based on the insured at the time of the loss, and if they went on that basis, then she would not have an insurable interest in this policy, because her name was not on the policy. The company did this as a back date to protect her interest after we found that her name was on the deed.
". . . .
 ". . . I asked the company to include her name on the policy, even though her name wasn't on the policy at the time of the loss."
The fact that the insurance company chose to issue a draft for the proceeds to all who had an insurable interest in the property and did not limit payment to the insurable value of the interests of the named insureds will not extend the coverage of the policy or alter Anderson's interests in the monies. See Home v. Campbell, 227 Ala. 499, 150 So. 486 (1933); and Home Indem. Co. v. Reed Equipment Co. Inc., 381 So.2d 45
(Ala. 1980). Because Anderson had no interest in the policy, she had no standing to raise the issue whether the proceeds were properly disposed of.
We find, based on the above facts and analysis, any error by the trial court was harmless error and did not prejudice Anderson's rights. The judgment below is, therefore, due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.