INGRAM, Judge.
This case concerns the interpretation of the grievance policy of the Mobile County School Board (Board). Certain employees of the school system alleged that the Board has not been complying with its own established grievance procedure and filed an action for mandamus and injunctive relief. The trial court received evidence and heard testimony concerning this issue and entered a judgment for the Board. The employees appeal.
The dispositive issue on appeal is whether the Board properly complied with its own grievance policy. In other words, did the deputy superintendent properly determine that certain grievances filed by the employees were “non-authentic”?
The grievance provision in question is as follows: “Questions pertaining to the authenticity of a grievance shall be determined by the Deputy Superintendent.”
The facts in pertinent part reveal that several employees initiated grievances pursuant to the Board’s policy. The deputy superintendent (superintendent) then determined that the grievances were “non-authentic” and dismissed the petitions.
It is clear that, once a school board policy has been properly promulgated and enacted, it must be followed by the enacting board of education. Walker County Board of Education v. Walker County Education Association, 431 So.2d 948 (Ala.1983). Further, the board is bound to comply with its adopted policies. Belcher v. Jefferson County Board of Education, 474 So.2d 1063 (Ala.1985).
A review of the grievance policy here indicates that the superintendent is given wide authority to make the determinations regarding authenticity. There is no policy provision circumscribing the right given the superintendent to make that determination. As there is no provision in the policy defining “authentic,” then we must give it its “ordinary” meaning. Hibbett Sporting Goods, Inc. v. Biernbaum, 391 So.2d 1027 (Ala.1980). Webster’s Dictionary defines “authentic” as follows:
*1223 “1. having a genuine original or authority, in opposition to that which is false, fictitious or counterfeit; being what it purports to be; genuine; true; applied to things ...
“2. of approved authority; trustworthy; reliable ...
[[Image here]]
“Syn. — genuine, true, certain, faithful, credible, reliable, official, authorized.”
Webster’s New Twentieth Century Dictionary 126 (2d ed. 1983). Therefore, it appears that from the ordinary meaning of the term “authentic,” the superintendent had the right to determine whether or not a grievance was official, authorized, or a genuine grievance.
We would note, however, that although the superintendent has the authority to make such determinations, he cannot do so capriciously or arbitrarily. The record indicates, however, that the trial court closely questioned the superintendent concerning his exercise of his authority to see if he had acted in an arbitrary or capricious fashion in determining the employees’ grievances. Although no opinion was issued, the trial court held for the Board, apparently concluding that the superintendent had acted within his authority. This finding is presumed correct, as the evidence was presented ore tenus. Anderson v. Brooks, 446 So.2d 36 (Ala.1984). We will, therefore, not disturb the trial court’s conclusion unless it is plainly and palpably erroneous, and we must affirm if the court’s decree is fairly supported by credible evidence. Anderson, supra.
The superintendent’s testimony indicates that he followed a number of rules in making his decision concerning whether or not a grievance was authentic. He further testified that he sought out and found that information which was necessary in order to make a determination of authenticity.
Therefore, in view of the above and in light of the presumption of correctness, we cannot say that the trial court erred in this instance in holding for the Board. However, we point out that we should not be understood as saying that the grievance policy is a paragon of clarity or that the superintendent has “unbridled” authority to determine the authenticity of grievances.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.