558 So.2d 830 (1990)
Barbara Eason SULLIVAN and Carl Sullivan
v.
The ESTATE OF J.C. EASON, Deceased.
In the Matter of the Estate of Gladys K. Allen Eason, Deceased. Barbara Eason Sullivan and Carl Sullivan
v.
Shirley Eason Riley, Administratrix.
Nos. 07-CA-58836, 07-CA-58837.
Supreme Court of Mississippi.
February 28, 1990.
*831 John Raymond Tullos, Tullos & Tullos, Raleigh, for appellant.
David Ringer, Ringer & Cunningham, Florence, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:

I.
This appeal raises the question of whether a co-tenant of real estate who insures jointly-owned realty from jointly-owned funds does so for the benefit of all co-tenants. The Chancellor of the Smith County Chancery Court held that the insurance proceeds were for the benefit of all co-tenants, and this Court affirms.[1] The appellants present one assignment for disposition.

II.

THE RULING OF THE TRIAL COURT IS MANIFESTLY IN ERROR BECAUSE IT ERRONEOUSLY APPLIED THE PAROL EVIDENCE RULE AS A RULE OF EVIDENCE RATHER THAN AS A RULE OF SUBSTANTIVE LAW.
J.C. and Gladys Eason were the parents of five (5) children, Barbara Sullivan (appellant), Shirley Shone (appellee and administratrix), Max, Catherine, and Mary. Both of the elder Easons died intestate, and were survived by these five children. It is undisputed by the parties that, upon their mother's death on June 29, 1985, the entire estate passed to the children by intestate succession.
Barbara Sullivan, who inherited a one-fifth interest in the realty, and her husband, Carl Sullivan, procured hazard insurance on her parents' home and contents for the full value. This coverage totalled $35,000.00 for the residence, $17,500.00 for personal property, $7,000.00 for loss of use, $25,000.00 for personal liability, and $500.00 medical payments for others. The named insureds on the policy were "Barbara L. and Carl Sullivan."
During the term of the insurance policy, the residence and contents was totally destroyed by fire. The insurer, Allstate Insurance Company, issued a check payable to all of the heirs at law of Gladys Eason, the last survivor of the parents, for the damage caused by the fire.
Shirley Riley Shone, who had been appointed administratrix of the estates of both parents, filed Petitions in the Chancery *832 Court of Smith County to close the estates. Objections were filed by the appellants, Barbara and Carl Sullivan, to prevent disbursement of the funds to each of the five children on the grounds that the children were not the named insureds on the insurance policy. There is no dispute that the policy named only Barbara and Carl Sullivan as "named insureds"; the dispute arises as to whether the insurance purchased and the premiums paid were for the benefit of all co-tenants.
Shirley Riley Shone testified that a telephone refund check issued to Gladys Eason was used by Barbara to pay the first quarterly insurance premium. Shirley also testified that Barbara had made representations to the other siblings that the insurance coverage would be for the benefit of all of them and that she had detrimentally relied on these representations.
Shirley's ex-husband Robert Riley confirmed that the sisters had discussed the fact that the insurance coverage would be for all of the children. Additionally, Esther Burrow, Shirley and Barbara's niece, testified that Barbara had told her that the insurance proceeds were to be divided equally among the children.
On the other hand, Barbara Sullivan testified that no conversations about dividing the insurance money had ever taken place. She also stated that the insurance was purchased for the benefit of her and her husband, Carl, and that they paid all of the insurance premiums from personal funds, not estate funds.
Following the presentation of evidence from both sides, the trial court ruled that the insurance was procured for the benefit of all heirs-at-law by Barbara Sullivan and that the proceeds should be shared by all co-tenants. This appeal ensued.

III.

DID THE LOWER COURT MANIFESTLY ERR BY CONSIDERING THE PAROL EVIDENCE RULE AS A RULE OF EVIDENCE RATHER THAN AS A SUBSTANTIVE RULE OF LAW?
The appellants' argument is that the insurance policy from Allstate is clear and unambiguous on its face and that, as a consequence, the trial court erred when it allowed testimony concerning the "true" agreement between the Eason children concerning the distribution of the insurance proceeds. The appellants claim that since they are the named insureds on the face of the policy, they are entitled to all of the proceeds therefrom. Their parol evidence argument is incorrect and a misapplication of Mississippi case law.
The parol evidence rule provides that "when the language of a contract is clear and unambiguous, parol testimony is inadmissible to contradict the written language." Smith v. Falke, 474 So.2d 1044, 1046 (Miss. 1985). However, more importantly, this Court has also held that "[t]his Court has adopted the general rule that the parol evidence rule applies only to controversies between parties to the agreement." Id. (Emphasis added). See also, National Cash Register v. Webb, 194 Miss. 626, 11 So.2d 205, 205 (1942). In the case sub judice, the "agreement" in question is the insurance policy, and the insurance company is not a party in this controversy. Therefore, this Court holds that the evidence received by the Court was properly admitted and properly considered.
The chancellor based his finding upon the fact (1) that Barbara Sullivan insured the property for its full value, (2) that she held funds that belonged to the estate from a telephone refund check, and (3) that the other heirs were led to believe that the home was insured, even though they might not have been told that the insurance was for the benefit of all the heirs. He further acknowledged that he was not able to state beyond any doubt that these specific funds were actually used to pay the premium. Upon these factual findings, the chancellor held that the insurance purchased was for the benefits of all co-tenants.
The appellants' position on this appeal is that a co-tenant has no duty to insure, and absent such duty, any co-tenant may insure the entire property and receive all insurance *833 proceeds. Within insurance law, there are two opposing lines of cases wherein one line of cases holds that insurance is a personal contract of indemnity to protect the insured. Estate of Murrell v. Quin, 454 So.2d 437 (Miss. 1984). Acree v. Hanover Insurance Co., 561 F.2d 216 (10th Cir.1977). It has been recognized that insurance taken by a person "with an insurable interest in property, who pays the premium[] out of his own funds, is a personal indemnity to the insured." Northern Assurance Co. v. Stewart, 228 Ala. 201, 153 So. 243, 245 (1934). In Bell v. Barefield, 219 Ala. 319, 321, 122 So. 318, 319 (1929), the Alabama Supreme Court held:
"The general rule, sustained by the great weight of authority, is, in the absence of anything in the instrument creating the estate, or of agreement to that effect, between the parties, no duty rests upon the one or the other to insure for the benefit of a remainderman or his cotenant, and insurance taken by one with an insurable interest in the property, who pays the premiums thereon out of his own funds, is a personal indemnity to the insured. * *" (Italics supplied).
But the Alabama Court also acknowledged further:
Thus, we have declined to follow a contrary view, given effect elsewhere, that one with an interest less than the whole who insures the property for its full value is to be treated as a trustee for the benefit of the owners of the remainder interest. But it is equally clear, from our adjudicated cases, that, in such a case, whether the other joint owners have an interest, in law or equity, in the insurance money, may properly turn upon the equities of the particular case. Miles v. Miles, 211 Ala. 26, 99 So. 187 (1924). Whether the insurance was taken for the sole benefit of him who procured it; whether he did in fact pay the premiums out of his own funds; whether by express or implied agreement he took out the insurance for the benefit of the owners of the other interests in the property, such others to contribute to its cost: these questions are to be determined from the evidence in the case and the circumstances of the parties out of which arise "the equities of the particular case."
The above quoted thus acknowledges the other line of cases holding that one securing insurance for the benefit of the other insurable interests in property holds the proceeds in trust for those interests. Brady v. Welsh, 200 Iowa 44, 204 N.W. 235, 236 (1925); Glens Falls Insurance Co. v. Sterling, 219 Md. 217, 148 A.2d 453, 455-456 (1959). As has been stated in Russell v. Williams, 58 Cal.2d 487, 24 Cal. Rptr. 859, 374 P.2d 827 (1962) the rule regarding co-tenants is stated as follows.
It has been held that where the policy of insurance purports to cover the interest of all cotenants, the question of the right of the noninsuring cotenant to a part of the proceeds, upon occurrence of a loss, is dependent upon equitable circumstances. (Miles v. Miles [1924], 211 Ala. 26 [99 So. 187, 190]; Currier v. North British etc. Co. [1953], 98 N.H. 366 [101 A.2d 266, 267]; Farmer's Mut. Fire & Lightning Ins. Co. v. Crowley [1945] 354 Mo. 649, 190 S.W.2d 250, 253 [4-5].) On the other hand, it also has been held that the mere fact that the proceeds of a fire insurance policy equal the full value of the property destroyed does not entitle the owners of noninsured interests in that property to recover a part of those proceeds. (Board of Education v. Winding Gulf Collieries [4th Cir. 1945], supra, 152 F.2d 382, 384[2]; Rogge v. Menard County Mutual Fire Insurance Co. [1960], supra, 184 F. Supp. 289, 294; Murray v. Webster [1951], supra, 256 Ala. 248 [54 So.2d 505, 508[3]]; Farmers' Mut. Fire & Lightning Ins. Co. v. Crowley, supra, (Mo.) [354 Mo. 649] 190 S.W.2d 250, 252[6]; Underwood v. Fortune [1928], supra, (Mo. App.) 9 S.W.2d 845, 856[5]; Gorman's Estate [1936], 321 Pa. 292 [296] [184 A. 86, 87].) In the instant case, even though the amount of the proceeds obtained from the policy of insurance represented the full value of the property destroyed, no equitable considerations exist which require a determination, as a *834 matter of law, that the plaintiff was entitled to any portion thereof. She separated from Mr. Mouser and left him in full possession of the property; he obtained a policy which insured his interest therein and paid the premium thereon; and she had no knowledge or agreement with respect thereto. It may not be assumed that the policy in question covered the plaintiff's interest.
As to the propriety of the trial court's decision that the insurance proceeds should be distributed among all of the children, other courts have used the following test in deciding whether a party who holds less than a full interest in a piece of property is entitled to the entire insurance proceeds or whether such proceeds must be shared:
Among the inquiries the supreme court considered relevant to a determination of whether the circumstances warranted a holding that the insurance proceeds be shared are: (1) whether the insurance was obtained for the sole benefit of the person who procured it; (2) whether by express or implied agreement the person who took out the insurance did so for the benefit of the owners of the other interests in the property; and (3) whether the owners of the other interests contributed to the cost of the insurance. The supreme court concluded by stating that these questions were to be determined from the evidence presented at trial and the circumstances of the parties.
Summerlin v. Bowden, 353 So.2d 1175, 1179 (Ala. Civ. App. 1978); Independent Fire Ins. Co. v. Hagler, 434 So.2d 277, 279 (Ala. Civ. App. 1983) (whether the joint owners would share in the insurance proceeds "depends upon the equities of the particular case."); Murray v. Webster, 256 Ala. 248, 54 So.2d 505 (1951) (same).
Based on the testimony presented at trial, the chancellor in this case had sufficient evidence before him to conclude that each of the three elements mentioned above were satisfied by the appellees. This Court has held many times that we will reverse the chancellor's decision only where it is "manifestly in error." Gulf Park Water Co., Inc. v. First Ocean Springs Development Co., 530 So.2d 1325, 1330 (Miss. 1988). In this case, it cannot be said that the chancellor was manifestly in error; rather, the record supports such a finding. There is no merit to this assignment of error.
For the foregoing reasons, it is the holding of this Court that the decision of the trial court should be affirmed in all respects.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Cause # 58836 involves the estate of J.C. Eason, Deceased; Cause # 58837 involves the estate of his wife, Gladys K. Allen Eason, also Deceased. Each case involves the identical assigned error on appeal. The record for each case is essentially the same, with only a few minor differences. That portion of each record which comprises the actual trial testimony is identical. The cases were consolidated at trial by agreement of the parties. (R. 65). (Unless otherwise noted, all record references are to # 58836, for the sake of simplicity).