2035

SOUTH CAROLINA INSURANCE COMPANY, Appellant v. Paul V. PRICE, Jr., Individually, and as agent for BroSis, a partnership consisting of Paul V. Price, Jr., John R. Price and Peggy Price Phar Anderson, Respondents.

(432 S.E. (2d) 508)

Court of Appeals

*Robert E. Salane* and *R. Lewis Johnson* of *Barnes, Alford, Stork & Johnson,* Columbia, and *Richard L. Patton* of *Patton & Churdar,* Greenville, *for respondents.*

*David J. Canty* of *David J. Canty, P.A.,* Myrtle Beach, *for respondents.*

Submitted Apr. 12, 1993; Decided June 21, 1993.

Reh. Den. July 26, 1993.

GARDNER, Judge:

The South Carolina Insurance Company (SCIC) issued a policy in the name of Paul Price on property owned by BroSis,

a partnership consisting of Paul Price, his brother, and his sister. After the building burned down, SCIC brought an action claiming that it was liable for only Paul Price's share, or one third of the value of the building. The trial court granted the insureds' motion for partial summary judgment, holding that the insurer was obligated to pay the full value of the building. The insurer appeals.[1] We affirm.

The Valued Policy Statute provides that "[t]he amount of insurance must be fixed by the insurer and insured at or before the time of issuing the policy. In case of total loss by fire the insured is entitled to recover the full amount of insurance." S.C. Code Ann. § 38-75-20 (1989). "The valued policy law . . . was, no doubt, intended to relieve the insured from the burden of proving the value of his property after its total destruction, and to prevent insurance companies from receiving premiums on overvaluations, and, thereafter repudiating their contracts as soon as it becomes to their interest to do so." *Hunt v. General Ins. Co. of America*, 227 S.C. 125, 133, 87 S.E. (2d) 34, 37 (1955) [quoting *Mississippi Fire Ins. Co. v. Planters' Bank*, 138 Miss. 275, 103 So. 84 (1925)].

In addition, South Carolina authority has elsewhere provided that an insurer shall not be permitted to avoid liability on a fire insurance policy, after the destruction of the insured property, on the basis of an incorrect naming of the insured. *Cobb & Seal Shoe Store v. Aetna Ins. Co.*, 78 S.C. 388, 58 S.E. 1099 (1907) ("A contract is good between the parties, no matter how incorrect the names used in the paper may be, if it appears they were intended as the names of the parties to be bound by the contract or to receive its benefits.").

Where SCIC insured the entire property, and received full premiums, paid on the partnership's account, it cannot now be heard to question the policy on the basis that it was issued in the name of one of the partners instead of the partnership itself.

For the reasons stated, we affirm.

Affirmed.

BELL, J., and BRUCE LITTLEJOHN, Acting Justice, concur.

---

[1]Having determined that oral argument would not assist us here, we have decided this case without hearing argument.