MONROE, Judge,
dissenting.
I believe that the trial court correctly weighed the equities in this particular case and properly divided the proceeds of the fire insurance policy accordingly; therefore, I must respectfully dissent.
As the majority correctly states, the law in Alabama is that “whether joint owners should share in insurance monies depends upon the equities of the particular case.” Anderson v. Brooks, 446 So.2d 36, 39 (Ala.1984); see also Independent Fire Ins. Co. v. Hagler, 434 So.2d 277, 279 (Aa.Civ.App.1983).
This case was heard ore tenus, and the trial court’s decision should not be disturbed on appeal unless its findings are plainly and palpably wrong. Anderson, supra, at 38.
The trial court weighed the equities of this particular case in reaching its decision to divide the proceeds of the insurance policy between Morgan and Hubbard. Morgan and Hubbard held title to the home jointly. Hubbard had lived with her mother in the home for more than 20 years and said that she had stopped working to care for her mother who was gravely ill.
Additionally, although money to purchase the insurance policy was borrowed from Morgan’s brother, Owen, Hubbard contends that it was repaid at least partially from funds that she provided.
Given the circumstances of this particular case, I cannot say that the trial court’s decision was plainly and palpably wrong. I would affirm the judgment of the trial court.