THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Vanessa Perkins, Respondent,
v.
Curtis Zeigler and Curtis Zeigler d/b/a Windjammer 3000 and Joe Green, Defendants,/Of whom Curtis Zeigler and Curtis Zeigler d/b/a Windjammer 3000 are,
Appellant.
 
 
 

Appeal From Berkeley County
Robert E. Watson, Master-in-Equity

Unpublished Opinion No. 2006-UP-111
Submitted February 1, 2006  Filed February 21, 2006   

AFFIRMED

 
 
 
Christopher Joseph Louden, of Moncks Corner, for Appellant.
Vanessa Perkins, of Decatur, for Respondent.
 
 
 

PER CURIAM: Curtis Zeigler appeals from the master-in-equitys order awarding Vanessa Perkins $150,000 in damages on her breach of contract claim.  We affirm.[1]  
FACTS
On January 24, 2002, Zeigler and Perkins entered into a commercial lease contract for Zeigler to lease property from Perkins in Moncks Corner known as Windjammer 3000.  As a condition of the lease, Zeigler was to maintain comprehensive property damage insurance on the property in the amount of at least $200,000.  The building on the property was totally destroyed by fire on June 9, 2002.  Unfortunately, Zeigler failed to secure insurance on the property.
Perkins brought this action for breach of contract due to Zeiglers failure to maintain insurance as required by the lease, seeking $150,000 in damages.  Although Zeigler admitted he did not have insurance on the property, he denied Perkins other allegations.  Furthermore, in his amended answer, he asserted Perkins did not own the property at the time she entered into the lease with him and therefore, the lease agreement was void ab initio. 
The master upheld the lease and awarded Perkins $150,000 in damages.  Zeigler filed a motion for a new trial and to amend the judgment.  The master vacated the previous order to issue a new order again upholding the lease and awarding Perkins $150,000.  This appeal followed.  
STANDARD OF REVIEW
An action for breach of contract seeking damages is an action at law.  Sterling Dev. Co. v. Collins, 309 S.C. 237, 240, 421 S.E.2d 402, 404 (1992).  In an action at law tried without a jury, the trial courts factual findings will not be disturbed on appeal unless those findings are wholly unsupported by the evidence or controlled by an error of law.  Gordon v. Colonial Ins. Co. of California, 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct. App. 2000).

DISCUSSION
Zeigler asserts the trial court applied an incorrect measure of damages.  He contends Perkins recovery is limited by her ownership interest in the property.  We disagree.
The property on which the Windjammer 3000 was located had been owned by Stephan Bash, who died intestate.  In 1986, his heirs executed a deed delineating the ownership interest of each heir.  Under this deed Perkins received 1.785% ownership in the property.  Perkins testified that she and her sister subsequently inherited their mothers 1.785% interest.[2]  
The Supreme Court of Mississippi recognized that within insurance law, there are two lines of cases regarding whether a co-tenant may insure the entire property and receive all insurance proceeds.  Sullivan v. Estate of Eason, 558 So.2d 830, 833 (Miss. 1990).  It noted:  

The general rule, sustained by the great weight of authority, is, in the absence of anything in the instrument creating the estate, or of agreement to that effect, between the parties, no duty rests upon the one or the other to insure for the benefit of the remainderman or his cotenant, and insurance taken by one with an insurable interest in the property, who pays the premiums thereon out of his own funds, is a personal indemnity to the insured. . . .

Id. at 833 (quoting Bell v. Barefield, 122 So. 318, 319 (Ala. 1929) (alteration in original).  The other line of cases holds that one securing insurance for the benefit of the other insurable interests in property holds the proceeds in trust for those interests.  Id.
Although the second line of cases requires cotenants to share in insurance proceeds, these cases do not afford Zeigler a defense to payment of the full amount of damages.  At the most, Perkins would be considered to be holding the proceeds in trust for her cotenants.[3]  
In South Carolina Insurance Company v. Price, 315 S.C. 212, 432 S.E.2d 508 (Ct. App. 1993), the named insured obtained insurance on property owned by BroSis, a partnership consisting of the named insured and his siblings.  After the building burned down, the insurance company brought an action claiming that it was liable only for the named insureds share of the value of the building.  This court relied on the Valued Policy Statute, which holds, The amount of insurance must be fixed by the insurer and insured at or before the time of issuing the policy.  In case of total loss by fire the insured is entitled to recover the full amount of insurance.  S.C. Code Ann. § 38-75-20 (2002).  Thus, this court held that the insurer was obligated to pay the full value of the building rather than the named insureds fractional share.  Id.  at 213, 432 S.E.2d at 508-09.
Under the lease, Zeigler was required to insure the premises, which he failed to do.  Thus, as a remedy for breach of this provision of the lease, Perkins is entitled to the amount she would have received from the insurance.  See South Carolina Fed. Sav. Bank v. Thornton-Crosby Dev. Co., 303 S.C. 74, 77, 399 S.E.2d 8, 10 (Ct. App. 1990) (In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed.).  We find no error in the masters determination that Perkins recovery from Zeigler should not be limited in proportion to her fractional ownership interest in the property.  Accordingly, the order of the master awarding Perkins $150,000[4] in damages is 
 AFFIRMED.      
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] In his order, the master noted that Anatha Bash, one of the heirs of Stephen Bash, testified that the family had given the land and building to Perkins mother to be used without any compensation being given to any other heirs.  Perkins, thus, had total use of the building in question with approval of the heirs of Stephen Bash.  Zeigler presented no evidence challenging this testimony.
[3] As this is not a dispute between the cotenants over the proceeds of the policy, we take no position as to which line of cases this court would follow in such a dispute and whether Perkins would have to share the proceeds. 
[4]  In her Respondents brief, Perkins appears to request this court increase the amount of the damages the master awarded her.  As Perkins failed to appeal this award, we decline to address this request.